IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONALD DRAUGHON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **Case No. 14-2264-JAR-GLR** |
| UNITED STATES OF AMERICA, et. al ) | |
| ) | |
| **Defendants.** ) | |
| ─────────────────────────) | |

## MEMORANDUM AND ORDER

Plaintiff Donald Draughon's brings this Federal Tort Claims Act ("FTCA") action against the United States of America, alleging that health care professionals at various Veterans Health Administration hospitals in the Kansas City area are liable for the death of his son, William Draughon, because they negligently treated his son's post traumatic stress disorder ("PTSD"), which ultimately led to his suicide.  This matter is before the Court on the Government's Motion for Judgment on the Pleadings (Doc. 36), and Plaintiff's Motion for Leave to Amend Complaint (Doc. 45).  These motions are fully briefed and the Court is prepared to rule.  As described more fully below, the Government's motion for judgment on the pleadings is denied and Plaintiff's motion for leave is granted.

## I.      Background

Plaintiff Donald Draughon originally filed this action *pro se* on June 5, 2014.  Plaintiff alleges that the Veterans Health Administration ("VA") was negligent in its treatment of William Draughon's PTSD and other mental health issues, and that, if not for the Government's negligence, William Draughon would not have committed suicide on March 17, 2010.  The United States can only be liable under the FTCA if it would be liable to the claimant under the

state law where the act or omission occurred.[1]  The Government urged in a previously-filed motion to dismiss that Kansas law applied, and that under Kansas law, Plaintiff could not assert a wrongful death action as the decedent's personal representative.  The Court ultimately determined that the only cognizable claim alleged by Plaintiff was a wrongful death claim under Missouri law, and denied the Government's motion to dismiss.  The only ground upon which the Government sought dismissal under Missouri law was that, as a *pro se* litigant, Plaintiff may not file a wrongful death claim on behalf of William Draughon's minor children, and that because they are required parties under the Missouri wrongful death statute, the action must be dismissed. The Court rejected this argument and therefore denied the motion to dismiss.  The Court also appointed counsel to represent Plaintiff going forward in this litigation.

The Government filed its Answer on May 15, 2015.  On June 16, 2015, the Government moved for judgment on this pleadings, arguing that Plaintiff's wrongful death claim under Missouri law must be dismissed for failure to comply with Mo. Rev. Stat. § 538.225, which requires a plaintiff in a medical malpractice action to timely file a health care affidavit, stating that the plaintiff has obtained the written opinion of a qualified health care professional who contends that the defendant failed to use reasonable care, which caused or directly contributed to the damages claimed in the case.[2]  Plaintiff responds that: (1) the Government waived this defense by failing to raise it in its earlier-filed motion to dismiss, or to plead the defense in its Answer;  (2) § 538.225 is state procedural rule and therefore does not apply in this FTCA action; and (3) the deadline to file the health care affidavit should run from the filing of the proposed amended complaint and not from the date of the original Complaint.

---

[1] 28 U.S.C. § 1346(b)(1).

[2] Mo. Rev. Stat. § 538.225.1.

## II.      Discussion

The Government contends that the Court should first rule on the motion for judgment on the pleadings, which will dictate whether the proposed amended pleading is futile.  The Court agrees.  Under Rule 15(a), leave to amend a complaint is freely given when justice so requires.[3]  A party is typically granted leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[4]  A proposed amendment is futile if the amended complaint would be subject to dismissal.[5]  The Government does not argue that the proposed amendment should be denied for any reason other than futility based on the arguments raised in its motion for judgment on the pleadings.  The Court finds no undue delay, prejudice, bad faith or dilatory motive in seeking amendment.  Counsel was appointed in June 2015 and the proposed amendment merely seeks to clarify Plaintiff's previously-filed pro se pleading.  The Court's decision on the motion for judgment on the pleadings will resolve whether Mo. Rev. Stat. § 538.225 applies in this FTCA action, whether the Government waived the defense, and whether the time for filing the affidavit runs from the original or amended complaint.  As such, resolution of the dispositive motion will determine if Plaintiff's proposed amendment is futile.  As described more fully below, the Court does not find that the amendment would be futile because the deadline for filing the health care affidavit shall accrue upon Plaintiff's filing of the amended pleading.

---

[3]Fed. R. Civ. P. 15(a)(2).

[4]*Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[5]*Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

3

**A.  Standard**

The standard for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that applied to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[6]  The court must accept all facts pleaded by the non-moving party as true and grants all reasonable inferences from the pleadings in favor of the non-moving party.[7]  A motion for judgment on the pleadings should not be granted unless the movant has clearly established that there are no material facts to be resolved and that the movant is entitled to judgment as a matter of law.[8]  The court does not accept as true legal conclusions that are couched as factual allegations,[9] but rather determines whether the factual allegations "plausibly give rise to an entitlement to relief."[10]  To avoid dismissal, a plaintiff must state a plausible claim, which requires "sufficient factual allegations to 'raise a right to relief above the speculative level.'"[11]

**B.  Mo. Rev. Stat. § 538.225 Applies to Claims Brought under the FTCA**

When a plaintiff brings suit against the United States under the FTCA, the source of law is "the law of the place where the act or omission occurred."[12]  The Court has already determined that the only cognizable wrongful death claim alleged by Plaintiff arises under Missouri law.

---

[6]*Colony Ins. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[7]*Id.*

[8]*Id*

[9]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[10]*Id.* at 679.

[11]*Id.*

[12]28 U.S.C. § 1346(b)(1); *Flynn v. United States*, 902 F.2d 1524, 1527 (10th Cir. 1990).

Mo. Rev. Stat. § 538.225 provides as follows:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> 2. As used in this section, the term "legally qualified health care provider" shall mean a health care provider licensed in this state or any other state in the same profession as the defendant and either actively practicing or within five years of retirement from actively practicing substantially the same specialty as the defendant.
>
> 3. The affidavit shall state the name, address, and qualifications of such health care providers to offer such opinion.
>
> 4. A separate affidavit shall be filed for each defendant named in the petition.
>
> 5. Such affidavit **shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days**.
>
> 6. If the plaintiff or his attorney fails to file such affidavit the court **shall**, upon motion of any party, dismiss the action against such moving party without prejudice.[13]

The parties now dispute whether the health care affidavit required by Missouri law applies in FTCA actions. The Tenth Circuit has clearly held that a similar Colorado certificate of review statute applies to medical malpractice cases against the United States under the FTCA.[14] The

---

[13] Mo. Rev. Stat. § 538.225(1)–(6) (emphasis added).

[14] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004) (holding that Colorado certificate of review requirement applies in medical malpractice case against the United States under the FTCA); *see Van Dyke v. United States*, 457 F. App'x 721, 725–26 (10th Cir. 2012) (finding that Wyoming pre-suit claim

Court follows this decision in finding that Mo Rev. Stat. § 538.225 is part of the law that applies here.

The proper focus of the Court's inquiry is not the *Erie* doctrine, which applies to determine whether state or federal law applies to certain issues in diversity cases based on whether it is substantive or procedural. The Tenth Circuit explained in *Hill v. SmithKline Beecham Corp.* that the Court should focus on the FTCA provision that the Government shall only be liable under state tort law "in the same manner and to the same extent as a private individual under like circumstances."[15] The court explained that the United States is entitled to the protection of the certificate of review requirement in order to place it in a similar position as a private party defending a professional negligence claim in Colorado:

> In order to sue a licensed professional in Colorado, a plaintiff would first have to obtain a certificate of review. Likewise, the United States can only be liable under "like circumstances" to the extent that Colorado's certificate of review provision equally applies to the psychologists and psychiatrists it employs. Simply because the professionals practicing with the Bureau of Prisons are not licensed by the State of Colorado, we cannot conclude that the United States' operates in sufficiently different circumstances to render it liable for professional negligence claims where private parties would not be. It would undermine Congress's limited intent in waiving immunity under the FTCA for us to hold otherwise. This conclusion not only accords with our holdings in *Haceesa* and *Nationwide*, but also with the holdings of other circuit courts in FTCA actions involving defenses or benefits that technically require state licensing.[16]

The court also found compelling the fact that it had previously concluded that the Colorado

---

requirement must be followed under FTCA).

[15]*Hill*, 393 F.3d at 1117 (quoting 28 U.S.C. § 2674); *see also Flud v. U.S. ex rel. Dep't of Veterans Affairs*, 528 F. App'x 796, 800 (10th Cir. 2013).

[16]*Hill*, 393 F.3d at 1118 (citations omitted).

review statute applied to professional negligence claims brought in federal court under diversity jurisdiction, finding that the rule was substantive and not procedural.[17]  For substantially the same reasons, the Court finds that the health care affidavit requirement under Missouri law should apply in FTCA actions.

The Court further finds that Missouri's health care affidavit statute does not collide with a federal procedural rule.  The lack of a specific federal procedural requirement to file a health care affidavit does not mean that there is a "direct collision" with the Missouri law that would require the federal rule to apply here, and Plaintiff points the Court to no federal rule that conflicts.[18]  Plaintiff does point the Court to *Serocki v. MeritCare Health System*,[19] a case considering a similar North Dakota statute with a mandatory dismissal provision.  The federal district court in South Dakota concluded that the statute was a procedural rule that conflicted with Fed. R. Civ. P. 26(a) because it changed the deadlines and requirements for submitting expert disclosures and reports in federal court.[20]  In contrast, the Missouri statute does not affect the requirements for expert disclosures provided for in Rule 26 because a Missouri claimant is

---

[17]*Id.* (citing *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1541 (10th Cir. 1996)).

[18]*See Chamberlain v. Giampapa*, M.D., 210 F.3d 154 (3d Cir. 2000) (finding no collision between New Jersey statute and Rule 8 where the statute required an affidavit 60 days after the answer to complaint is filed); *Sledge v. United States*, 723 F. Supp. 2d 87, 100 (D.D.C. 2010); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1541 (10th Cir. 1996)) (finding no conflict with Fed. R. Civ. P. 11 because the state rule is more narrowly tailored); *Hill v. Morrison*, 870 F. Supp. 978, 982 (W.D. Mo. 1994) (finding  no direct conflict between Rule 11 and previous version of Mo Rev. Stat. § 538.225); *Holbrook v. Woodham*, No. , 2007 WL 2071618, at *4 (W.D. Pa. July 13, 2007) (finding no conflict between Pennsylvania statute and Rule 26 because statute did not require expert reports nor accelerate the requirements of Rule 26).  *But see, e.g.*, *Larca v. United States*, 302 F.R.D. 148, 159 (N.D. Ohio 2014) (finding Ohio's affidavit rule for medical malpractice cases directly conflicts with the pleading requirements in Fed. R. Civ. P. 8 where the statute requires the affidavit to be filed along with the complaint and the Ohio Supreme Court has said the rule goes to the sufficiency of the complaint).

[19]312 F. Supp. 2d 1201 (D.S.D. 2004).

[20]*Id.* at 1207–08.

not required by this statute to provide an expert report or disclosure.  The statute provides that "**the plaintiff or the plaintiff's attorney shall file** an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider."[21]  The Court finds no conflict with this provision and the provisions under Fed. R. Civ. P. 26 governing expert disclosures.  Both can apply in FTCA actions.

As acknowledged by Plaintiff, federal courts in Missouri regularly apply § 538.225 in FTCA cases.[22]  Plaintiff urges that these courts were not called upon to make a determination about whether the rule is procedural or substantive, and he points to footnoted dicta in an unpublished decision from a Missouri federal court, *Estate of Beelek v. Farmington Missouri Hospital Co.*,[23] suggesting that the health care affidavit rule in § 538.225 is procedural, and therefore inapplicable to negligence claims brought in federal court.[24]  The Court is not bound by this unpublished decision.  Furthermore, the *Beelek* court's analysis was under the *Erie* doctrine because the claim at issue there was a negligence claim against a private party upon which the court exercised supplemental jurisdiction.[25]  As discussed above, the parties here agree that *Erie* does not apply to this FTCA case, and the relevant inquiry is instead whether the health care affidavit requirement places the United States in a similar position as a private party defending a medical malpractice action in the State of Missouri.  The Court concludes that in order to further

---

[21]Mo. Rev. Stat. § 538.225(1) (emphasis added).

[22]*Sledge*, 723 F. Supp. 2d at 100 (collecting cases).

[23]No. 4:10CV2068 CDP, 2011 WL 4008018 (E.D. Mo. Sept. 8, 2011).

[24]*Id.* at *5 n.3.

[25]Moreover, the *Beleek* court acknowledged that its conclusion may not be in accord with other trial courts determining the issue.  *Id.* (citing *Smith v. Planned Parenthood of St. Louis Region*, 225 F.R.D. 233, 238–39 (E.D. Mo. 2004).

the limited waiver of sovereign immunity provided under the FTCA, the Missouri health care affidavit requirement should be satisfied in FTCA cases applying Missouri law.

### C.     The Government did not Waive the Defense

Plaintiff argues that even if § 538.225 applies in this case, the Government waived the defense by not raising it in its pre-Answer motion to dismiss, or in its Answer.  But there is no authority that provides that Plaintiff's failure to meet the statutory requirement of filing a health care affidavit must be raised as an affirmative defense, or else waived.  In fact, the Missouri Court of Appeals has held that there is no time constraint on when a party could move for dismissal under the statute.[26]  This of course makes sense because a plaintiff has at least 90 days from the date of the Complaint to file the affidavit.  Depending on how quickly a defendant is served, the time for filing the affidavit may not have passed by the deadline for filing an answer or motion under Fed. R. Civ. P. 12(b).  The Government did not waive its right to raise a defense under § 538.225 by failing to raise it in the Answer or motion to dismiss.

### D.     The Time to File Plaintiff's Health Care Affidavit Begins when the Amended Complaint is Filed

Finally, Plaintiff urges that the time for filing the health care affidavit should run from the time the proposed amended complaint is filed, not from the date of the original Complaint on June 5, 2014.  Plaintiff points to the fact that neither party was certain that Missouri law applied in this case until the Court ruled on the choice of law motion in May 2015.  And Plaintiff points to his *pro se* status until June 2015 as further evidence that he should not be charged with knowledge of his obligation to meet the requirements of the Missouri health care affidavit

---

[26]*Thomas v. Miller*, 447 S.W.3d 667, 671 (Mo. Ct. App. 2014).

statute.

The statute requires a claimant in a medical negligence case to file a health care affidavit "no later than ninety days after the filing of **the petition** unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days."[27] The statute does not specify whether "the petition" could include an amended pleading. Neither party points the Court to caselaw addressing this issue. Instead, they each point to cases that either count the deadline from the original or amended pleading, without analysis.[28]

The Court acknowledges that the language in Mo. Rev. Stat. § 538.225 is "unambiguous and mandatory."[29] The statute does not allow for substantial compliance,[30] nor does it allow for waiver or tolling based on a claimant's *pro se* status.[31] But the Court agrees with Plaintiff that in this case, the deadline for filing a health care affidavit should run from the date Plaintiff files his Amended Complaint. Several facts that are particular to this case frame the Court's determination on this matter. First, the statute states that the deadline runs from the date "the

---

[27]Mo. Rev. Stat. § 538.225(5) (emphasis added).

[28]*Compare Schmidt v. Kemper*, No. 05-4401-CVC-NKL, 2007 WL 1028927, at *2 (W.D. Mo. Mar. 29, 2007) (dismissing because affidavit was not filed within 90 days of Second Amended Complaint), *and Missouri v. Red Cross Pharm., Inc.*, 423 S.W.3d 258, 263, 267 (Mo. Ct. App. 2013) (dismissing because affidavit was not filed within requisite time from the filing of the First Amended Petition), *and Sledge*, 723 F. Supp. 2d at 100 (counting from each amended complaint); *with Guile v. United States*, No. 2:11CV40JCH, 2011 WL 4406326, at *3 (E.D. Mo. Sept. 21, 2011) (counting deadline from filing of the original complaint and not the amended complaint), *and Hirakawa v. United States*, No. 09-3488-CV-S-ODS, 2010 WL 3398850, at *2 (W.D. Mo. Aug. 23, 2010) (counting from the date of the original complaint because that was the first time the plaintiff alleged a tort claim based on malpractice).

[29]*See, e.g.*, *Mayes v. Saint Luke's Hosp. of Kan. City*, 430 S.W.3d 260, 271 (Mo. 2014) (en banc); *Austin v. Schiro*, 466 S.W.3d 694, 698 (Mo. Ct. App. 2015).

[30]*Mayes*, 430 S.W.3d at 272.

[31]*See Sledge v. United States*, 723 F. Supp. 2d 87, 100 & n.13 (D.D.C. 2010). Plaintiff's strongest argument is that he lacked notice that Missouri law applied until the Court ruled on the choice of law motion in May 2015. However, even after he was on notice that Missouri law applied, he made no attempt to comply with the statute; nor has he filed a motion for extension of the deadline provided in the statute.

petition" is filed.  It does not prohibit amended pleadings, nor does it suggest the deadline could not run from the date of an amended pleading.  Accordingly, some courts have counted the deadline from the date of the amended pleading.[32]  Second, notice issues as to the applicability of Missouri law complicate the analysis as compared to the cases cited by the Government.  The Government consistently took the position throughout the administrative exhaustion process[33] and the beginning of this litigation that Kansas law applied to this FTCA action.[34]  Plaintiff was not on notice until the Court decided the choice of law motion in May 2015 that Missouri law would be applied; counsel was appointed on June 10 primarily because of the complexity of the choice of law issues in this case.  The proposed amended complaint asserts for the first time that William Draughon's "most significant treatment occurred in Missouri."[35] The Court cannot find on this record that Plaintiff should have been aware in June 2014 that he was required to file the health care affidavit required under Missouri law.  Under the circumstances of this case, the Court finds that the 90 day deadline for filing a health care affidavit under Mo. Rev. Stat. § 538.225 should run from the date Plaintiff files his Amended Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion for Judgment on the Pleadings (Doc. 36) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 45) is **granted**.  Plaintiff shall file the proposed amended complaint within fourteen days of the date of this Order.

---

[32]*See supra* note 28.

[33]*See* Doc. 45, Prop. Am. Complaint, Ex. A.

[34]Doc. 16.

[35]Doc. 45, Prop. Am. Complaint ¶ 26.

11

**IT IS SO ORDERED**.

Dated: December 4, 2015

                                                    S/ Julie A. Robinson
                                                   JULIE A. ROBINSON
                                                   UNITED STATES DISTRICT JUDGE