# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DONALD DRAUGHON,**

    **Plaintiff,**

    v.

**UNITED STATES OF AMERICA,**

    **Defendant.**

Case No. 14-2264-JAR

## MEMORANDUM AND ORDER

Plaintiff Donald Draughon brought this Federal Tort Claims Act ("FTCA") wrongful death action against the United States of America, alleging the Veterans Health Administration ("VA") was negligent in treating his son William Draughon ("William"), which ultimately led to his suicide. He originally attempted to name William's surviving children as Plaintiffs, but due to his original status as a pro se litigant, they were dismissed.[1] This case was tried to the Court beginning on January 3, 2018. On February 23, 2018, the Court issued an opinion under Fed. R. Civ. P. 52(a), finding in favor of Plaintiff, but withholding an award of damages pending evidence that he provided notice as required by Mo. Rev. Stat. § 537.095.1, to all parties entitled to recover under Mo Rev. Stat. § 537.080.

On March 23, 2018, Plaintiff filed a Notice of Certification Under Mo. Rev. Stat. § 537.095.1, informing the Court of its efforts to notify three individuals, other than himself, who are entitled to recover under the statute: R.B. and D.C., William's biological children; and Jane Wingerter, William's biological mother. Andrea Brightwell, R.B.'s mother, and Denise

---

[1] *See Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 951–52 (8th Cir. 2005); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997).

Cumberland, D.C.'s mother ("Movants"), retained the same counsel, and filed the following motions: (1) Motions to Serve as Next Friend Pursuant to Federal Rule of Civil Procedure 17(c)(2) (Docs. 192, 193), as to each movant, respectively; and (2) Amended Motion to Intervene (Doc. 198).  These motions are fully briefed and the Court is prepared to rule.  As described more fully below, the motions to serve as next friend are granted, and the motion to intervene is denied.  This matter will be set for a damages and apportionment hearing as soon as practicable.  Ms. Wingerter's attorney has entered an appearance on her behalf and she recently filed her own Motion to Intervene (Doc. 204), which is not yet ripe for decision.  The Court will consider Ms. Wingerter's motion to intervene at the damages hearing.

**I.     Background**

Donald Draughon filed the original Complaint in this matter pro se on June 5, 2014.  At the time he filed the case, he notified Brightwell and Cumberland, but they informed him that they did not want to participate and did not want their children to be involved.  In June 2015, the Court appointed counsel to represent Mr. Draughon, and the case proceeded through discovery.  Plaintiff's counsel contacted Brightwell and Cumberland in August 2016, to inform them about the case, and that their children could potentially be entitled to share in any damages awarded.  Plaintiff's counsel met with Ms. Brightwell on August 6, 2016, to discuss the case.  Ms. Cumberland declined to meet with Plaintiff's counsel.  Both women were deposed in late August 2016.

On October 23, 2017, counsel Mark Murphy sent an e-mail to Plaintiff's counsel, informing him that Brightwell and Cumberland asked him to represent their interests in this case, and asking if they could speak by phone so that he could "understand everything before agreeing

2

to continue to represent" their interests.[2]  According to Plaintiff's brief, Mr. Murphy proceeded to agree to the representation and was present in the courtroom for much of the trial in this case. Mr. Murphy has not entered an appearance, but he filed the instant motions for his clients to serve as next friends for R.B. and D.C., and for intervention.

## II. Discussion

When a plaintiff brings suit against the United States under the FTCA, the source of law is "the law of the place where the act or omission occurred."[3]  The Court has already determined that Plaintiff's claim arises under Missouri law.[4]  Specifically, this action is governed by the Missouri Wrongful Death statute, Mo. Rev. Stat. § 537.080:

> 1. Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for:
> (1) By the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;
>
> . . . .
>
> 2. Only one action may be brought under this section against any one defendant for the death of any one person.

Here, William's father filed suit and is the only named Plaintiff in this action.  Nonetheless, Missouri law provides that any one person entitled to sue under this provision may recover damages without joinder,

---

[2]Doc. 200-3.

[3]28 U.S.C. § 1346(b)(1); *Flynn v. United States*, 902 F.2d 1524, 1527 (10th Cir. 1990).

[4]*See* Doc. 33.

> provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080.  Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join, and of whom the court has actual written notice.[5]

Recovery under the wrongful death statute by Mr. Draughon therefore must include all persons entitled to share in the proceeds, and the Court must make an apportionment determination "among those persons entitled thereto in proportion to the losses suffered by each as determined by the court."[6]

Before entering a damages award, the Court wanted to make certain it had notice of all persons entitled to recover under the statute.  The Court has reviewed Plaintiff's March 23 Certification and is satisfied that all persons so entitled have been duly notified.  The Court intends to set this matter for hearing to determine the total amount of damages, and to apportion those among the four claimants, as required by Mo. Rev. Stat. § 537.095.3.   Before determining damages, however, the Court must consider Brightwell and Cumberland's pending motions.  Their motions to serve as next friends for William's children are unopposed by both the Government and Plaintiff.  The Court agrees that the children's mothers should be appointed to represent their interests in this matter, so those motions shall be granted.  Both parties to this action oppose intervention, however, so the Court proceeds to consider Movants' motion to intervene on the merits.

### A. Standard for Intervention

> Under Fed. R. Civ. P. 24(a)(2), on timely motion, the Court
>
> must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the

---

[5] Mo. Rev. Stat. § 537.095.1.
[6] Mo. Rev. Stat. § 537.095.3.

4

> action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[7]

The Court must allow intervention as a matter of right if (1) the application is timely, (2) the movant "claims an interest relating to the property or transaction that is the subject of the action,"[8] (3) the movant's interest "may as a practical matter" be "impair[ed] or impede[d],"[9] and (4) the movant's interest is not adequately represented by the existing parties.[10]  Even if the Court determines that intervention as of right is not appropriate, the Court may permit anyone on timely motion to intervene under Rule 24(b)(1), who "has a claim or defense that shares with the main action a common question of law or fact," and after considering whether the intervention "will unduly delay or prejudice the adjudication of the original parties' rights."

Under Rule 24(c), the motion to intervene "must be served on the parties as provided in Rule 5.  The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

### B.     Timeliness

Plaintiff and the Government both oppose the motion to intervene as untimely.  To determine timeliness, the Court should consider: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness."[11]

---

[7] Fed. R. Civ. P. 24(a)(2).

[8] *Id.*

[9] *Id.*

[10] *E.g.*, *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001).

[11] *Laroe Estates, Inc. v. Town of Chester*, 828 F.3d 60, 66–67 (10th Cir. 2016) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994)), *vacated & remanded on other grounds*, 137 S. Ct. 1645 (2017).

These factors weigh firmly against a finding of timeliness. Plaintiff has submitted affidavits demonstrating that Movants had notice of their interest in this lawsuit since 2014, when it was filed. Plaintiff's counsel notified them again in August 2016, and offered to meet with them both. Counsel explained to both Cumberland and Brightwell that their children may be entitled to share in any damages awarded in the case. Therefore, Movants have been on notice for at least eighteen months of their children's interest in this lawsuit. Additionally, the evidence makes clear that Movants retained counsel months before trial ensued, and that counsel was present for part of that trial. Yet, they waited until after a favorable finding on liability to seek intervention. There is no dispute they had actual knowledge of their rights well in advance of trial.

The Court also finds no prejudice to R.B. and D.C. if intervention is denied. As the Court has already stated, Brightwell and Cumberland may appear as next friends for their children by and through counsel at the damages and apportionment hearing.[12] But Missouri law does not require the Court to allow Movants to intervene to represent the minors' interests in the damage award.[13] R.B. and D.C.'s interests in this lawsuit are adequately protected by their appointed next friends as to the remaining issue of apportionment of damages. In contrast, allowing Brightwell and Cumberland to intervene as parties would allow them rights on appeal that would

---

[12]In fact, a minor child cannot be represented by a next friend if that next friend is not represented by an attorney. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curium).

[13]Movants argue that under the Missouri statute all claimants may intervene in a pending suit as a matter of right. But that is not what the statute provides. The statute explicitly allows a plaintiff to recover without joinder, so long as he meets the notice requirement of the statute. Mo. Rev. Stat. § 537.095.1. And subsection (2) pertains to *plaintiffs* who recover ad litem. This case involves a single plaintiff, who appears on his own behalf. To be sure, *Fitzpatrick v. Hannibal Regional Hospital* states that while a wrongful death claim is not subject to dismissal for failure to join all claimants, "[o]ther claimants may intervene as a matter of right." 922 S.W.2d 840, 844 (Mo. Ct. App. 1996). But that case also states that claimants are not required to intervene, and that the claimant must comply with Missouri Rule of Civil Procedure 52.12, which like the federal rule, requires timely application and a pleading. *Id.*

6

be prejudicial to Plaintiff and the Government, who have litigated this case exclusively from the outset, including Plaintiff retaining a damages expert on behalf of the minors, with the understanding that Brightwell and Cumberland did not want to participate.

Movants suggest that the notice provided by Plaintiff was insufficient under Missouri law. But the notice required by Mo. Rev. Stat. § 537.095.1 is not the test of timeliness for purposes of intervention. Rule 24 looks to how long the applicant knew about its interest the lawsuit, not the form of the notice. It also looks at the any unusual circumstances that militate in favor or against a finding of timeliness. Moreover, § 537.095.1 requires a plaintiff to satisfy *the Court* that he has diligently attempted to notify all persons entitled to recover under § 537.080 to allow recovery of damages without joinder. Under this statute, "[w]hatever fairly is sufficient to put an ordinarily prudent person on inquiry constitutes notice to him of such facts as would be disclosed by reasonable pursuit and proper inquiry."[14] Plaintiff satisfied this requirement here—he submitted affidavits demonstrating that he diligently attempted to notify all parties entitled to recover. These affidavits establish that Plaintiff notified Brightwell and Cumberland in 2014, at the time he filed suit, of their children's interests. They were again notified by phone by Plaintiff's appointed counsel in August 2016, well before this Court considered Defendant's summary judgment motion, and well before trial. Plaintiff's counsel also personally met with Brightwell about the case. Movants' counsel was informed, yet again, about the lawsuit well before trial. The Court finds that even if compliance with § 537.095.1 dictated the notice inquiry for purposes of intervention, Plaintiff met the notice requirement under that statute. And as already discussed, given the Court's bifurcation of liability and damages findings post-trial in this case, the Court finds that the unique circumstances of this case militate against a finding of

---

[14]*Walkenhorst-Newman v. Montgomery Elevator*, 37 S.W.3d 283, 286 (Mo. Ct. App. 2000).

timeliness. Therefore, the Court denies the motion for intervention both as a matter of right and permissively because the motion is untimely.

### B.   Adequate Representation of Movants' Interest

Movants argue that any recovery by Plaintiff will "proportionally decrease any award to the decedent's children D.C. and R.B.," and that he may not present the relevant information to the Court on their behalf. They further argue that Plaintiff will be unable to seek approval of attorney fees for the children's attorneys. The Court is not persuaded that R.B. and D.C.'s interests cannot be adequately protected by existing parties, along with Brightwell and Cumberland's appointment as next friends. First, in determining the total amount of damages, this Court must consider "losses with references to the particular persons on whose behalf the suit was brought and the relationship of the deceased with those particular persons."[15] Now that the Court has received satisfactory notice of the particular persons on whose behalf this suit was brought, the total award of damages must take those losses into account. Therefore, any award to Plaintiff does not decrease the award due the children. Moreover, Movants will be permitted to appear as next friends for the children at the apportionment hearing, where they may present any evidence relevant to their damages claim that was not presented at trial.

As far as their attorneys' fees, Movants are correct that they could be recovered out of their judgment under Mo. Rev. Stat. § 537.095.4. Movants' status as guardians ad litem is sufficient to allow them to present evidence of "attorneys' fees as contracted," as required by the statute, in conjunction with the apportionment hearing.[16]

---

[15]*Hawley v. Tseona*, 453 S.W.3d 837, 845 (Mo. Ct. App. 2014).

[16]The Court will entertain Plaintiff's well-stated objections to the scope of any fee award that may be due to Movants' counsel at the damages hearing, given his limited participation in the lawsuit up until this point.

### C. Service of Pleadings

Movants' motion to intervene is denied as untimely. It is further denied because their children's interests are adequately protected by existing parties, including by Movants' appointment as next friends for the children, which entitles them to appear with counsel and present evidence at the damages hearing. However, an additional and independent basis for denying the motion to intervene is Movants' failure to follow Rule 24(c), which requires that it "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." No pleading was attached to Movants' motion. Movants' motion to intervene is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Movants Andrea Brightwell and Denise Cumberland's Motions to Serve as Next Friend Pursuant to Federal Rule of Civil Procedure 17(c)(2) (Docs. 192, 193) are **granted**. They shall be added to the docket sheet as interested parties. Their counsel shall file an entry of appearance on their behalf to ensure proper noticing.

**IT IS FURTHER ORDERED BY THE COURT** that Movants' Amended Motion to Intervene (Doc. 198) is **denied**.

**IT IS SO ORDERED.**

Dated: April 6, 2018

                                      S/ Julie A. Robinson
                                      JULIE A. ROBINSON
                                      CHIEF UNITED STATES DISTRICT JUDGE