**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DONALD DRAUGHON, | ) |
| | ) |
|                 Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:14-CV-02264-JAR-GLR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|                 Defendant. | ) |

**PLAINTIFF DONALD DRAUGHON'S**
**MEMORANDUM IN SUPPORT OF HIS MOTION TO AMEND THE JUDGMENT**

**I.**    **Introduction & Nature of the Matter Before the Court**

Plaintiff shares this Court's concern that the attorneys' fee award of 33% to the attorneys for R.B. and D.C. is "patently unfair." Doc. 223 at 13 n.27. In light of the Court's ruling that it "is not permitted to modify the contract under § 537.095.4, nor consider its fairness," Plaintiff files this motion solely to alert the Court to a line of authority that may permit it such discretion under Missouri law. Because the issue of attorneys' fees was not briefed in full by the parties, this short memorandum addresses only that issue.

As the Court is aware, at the inception of this case, Plaintiff attempted to join R.B. and D.C. as party plaintiffs. Although he could not do so (*see* Doc. 33 at 1 n.1), he has consistently advocated for the children throughout his prosecution of this case. He does so again now, respectfully suggesting that this Court should amend its judgment in this case to substantially reduce the attorneys' fees awarded.

**II.**    **Statement of Facts**

The facts underlying this case are well documented by the Court in its Findings of Fact and Conclusions of Law (Doc. 191) and its Supplemental Findings of Fact and Conclusions of

Law (Doc. 223). As relevant to this motion, as part of its Judgment entered in this case, the Court awarded $114,247.34 of the total judgment to the attorneys representing the next friends of Cpl. Draughon's minor children (R.B. and D.C.). Doc. 223 at 14. That fee was based on a 33 1/3% contingent fee contract entered into by each of the next friends. *Id.* at 3-4. In awarding this fee, the Court stated: "It appears to the Court patently unfair for the next friends' attorneys to secure a 33% fee award under these circumstances." *Id.* at 13 n.27. And: "If the Court was permitted to exercise its discretion under Missouri law, it could not find that this fee arrangement was fair and reasonable in proportion to the time actually spent on obtaining this result." *Id.*

### III.     Question Presented

Whether this Court should amend its Judgment in this case to reduce the amount of attorneys' fees allocated to the attorneys representing next friends of R.B. and D.C. under the analysis articulated in *Clark v. General Motors, LLC*, 161 F. Supp. 3d 752 (W.D. Mo. 2015)?

### IV.     Argument

Plaintiff moves for this relief pursuant to Rule 60(b), which is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule." *Olivas v. Bentwood Place Apartments, LLC*, No. 09-4035-JAR, 2010 WL 4366273, at *1 (D. Kan. Oct. 28, 2010) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)). Rule 60(b) allows relief from a final judgment for six reasons, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Tenth Circuit has described that provision as a "grand reservoir of equitable power to do justice in a particular case." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996). Although relief under this provision is extraordinary, it is appropriate "where there has

been an unanticipated intervening change of circumstances not contemplated by the moving party that renders enforcement of the judgment inequitable." *Olivas*, 2010 WL 4366273, at *2.[1]

Faced with precisely the same scenario as here—a contractual contingent fee in a wrongful death case—the federal court in the Western District of Missouri reduced a fee award it found unreasonable. *Clark v General Motors, LLC*, 161 F. Supp. 3d 752, 758-69 (W.D. Mo. 2015). There, Chief Judge Kays began his analysis by recognizing that the wrongful-death statute speaks in mandatory ("shall order") terms with respect to attorneys' fees. *Id.* at 758. However, the Court noted that the Missouri Rules of Professional Conduct operate as substantive law and, therefore, a fee must still be reasonable to be collected. *Id.* at 758-59. Notably, the Court described the relevant question not as to whether the contingent fee is typically reasonable, but whether it is "reasonable under the circumstances of this *particular* case." *Id.* at 759. The Court also rejected the contention that the fee agreement needed to be reasonable only at its inception; rather, the fee must also be reasonable when quantified in light of the development of the case. *Id.* at 760.[2]

When evaluating the reasonableness of the fee, the *Clark* court indicated that the eight factors in Missouri Rule of Professional Conduct 4-1.5(a) should guide the analysis. *See id.* at

---

[1] Although Plaintiff articulates the basis for relief under Rule 60(b)(6), it is also possible that the Court could conclude that application of Rule 60(b)(1) is more appropriate. Plaintiff leaves that determination to the sound discretion of the Court, but raises it as a possibility because section (b)(6) "is mutually exclusive to the other categories of relief enumerated in Rule 60(b)." *Olivas*, 2010 WL 4366273, at *2. Thus, to the extent necessary, Plaintiff alternatively moves for relief on the independent basis of Rule 60(b)(1) as well.

[2] While the remainder of this brief focuses on whether the fee was reasonable in light of how the case developed, the 33% contingency fee here was also likely unreasonable at its creation, because it was higher than the maximum fee contemplated under the FTCA. *See* 28 U.S.C. § 2678.

759, 762-67.  Critically, this Court has *already made findings* that bear directly on some of these factors.  The governing rules and the Court's pertinent findings are:

*(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.*

- "If the Court was permitted to exercise its discretion under Missouri law, it could not find that this fee arrangement was fair and reasonable in proportion to the time actually spent on obtaining this result."  Doc. 223 at 13 n.27.

- "And the actual time spent by these attorneys pales in comparison to the contingent fee award."  Doc. 223 at 13 n.27.

*(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.*

- "Despite being retained before trial, they did not move to intervene nor enter an appearance until after this Court announced its liability decision."  Doc. 223 at 13 n.27.

*(4) The amount involved and the results obtained.*

- "They filed nothing, nor sought to intervene.  They did not participate at trial."  Doc. 223 at 4.

- "Apparently under the belief that this was not a winning case, they declined to appear or move to intervene until Plaintiff, by and through appointed counsel, obtained a favorable verdict."  Doc. 223 at 13 n.27.

*(5) The nature and length of the professional relationship with the client.*

- "The next friends, despite having years of notice of their children's interests, sat on their hands until immediately before trial."  Doc. 223 at 13 n.27.

*(7) The experience, reputation, and ability of the lawyers performing the services.*

- "As discussed in the Background section of this Order, the billing records submitted by the next friends documenting work actually performed by their attorneys in this matter reveal no participation in the underlying trial that led to a Plaintiff's verdict in this case."  Doc. 223 at 12-13 n.27.[3]

---

[3] Just as with the lawyers in *Clark*, counsel for the next friends by all appearances are competent lawyers.  But that experience and expertise was not substantially involved in obtaining the judgment for which they are now charging a large fee.

After concluding that the contingent fee was unreasonable both when charged and when calculated at the conclusion of the representation, the *Clark* court found that the lawyers were entitled to be compensated for the services actually rendered. Thus, the Court calculated a reasonable fee to be apportioned to the attorneys through *quantum meruit*. *Clark*, 161 F. Supp. 3d at 767-69. This Court should do the same.

### V. Conclusion

As this Court has already described: "If the Court was permitted to exercise its discretion under Missouri law, it could not find that this fee arrangement was fair and reasonable in proportion to the time actually spent on obtaining this result." Doc. 223 at 13 n.27. Plaintiff files this motion to alert the Court to the *Clark* decision and the authorities it cites, which appear to provide the Court with such discretion, warranting an amendment of the Judgment pursuant to Rule 60(b). Plaintiff respectfully requests that this Court amend the judgment to reduce the fee award payable to attorneys for the next friends to a reasonable amount in *quantum meruit*.

Respectfully submitted,

/s/ Michael T. Raupp
LARRY L. MCMULLEN           *pro hac vice*
MICHAEL T. RAUPP            KS Bar No. 25831
CHRISTINA M. PYLE           KS Bar No. 25019
HUSCH BLACKWELL LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
michael.raupp@huschblackwell.com
christina.pyle@huschblackwell.com

***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and accurate copy of the foregoing was served on this 13th day of July, 2018, via the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                        /s/ Michael T. Raupp
                                        *Attorney for Plaintiff*