# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DONALD DRAUGHON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 14-2264-JAR

## MEMORANDUM AND ORDER

This wrongful death case under the Federal Tort Claims Act was tried to the Court beginning on January 3, 2018. On February 23, 2018, the Court issued its initial Findings of Fact and Conclusions of Law as required by Fed. R. Civ. P. 52 on the issue of liability, finding in favor of Plaintiff Donald Draughon.[1] On July 2, 2018, the Court entered a supplemental order after conducting an apportionment hearing that included Plaintiff and other claimants under Mo. Rev. Stat. § 537.095.1, awarding $326,000 in noneconomic damages to the claimants.[2] This sum was apportioned among Cpl. Draughon's surviving heirs as follows: $125,000 for each child, $75,000 for Plaintiff, and $1,000 for his biological mother, Jane Wingerter. Economic damages were awarded as follows: $11,814 to Plaintiff; $67,750.20 to R.B.; and $75,043.80 to D.C. Attorneys' fees and expenses were ordered to be deducted from the judgment. Notably, the Court awarded attorneys' fees "as contracted" to the next friends' attorneys in the total amount of $114, 247.34, based on their 33% contingent fee agreement. The Court noted in its order that it found this award to be unfair given the actual time spent by these attorneys on this case,

---

[1] Doc. 191.

[2] Doc. 223.

particularly given that Plaintiff's appointed counsel were solely responsible for the claimants' success on the merits. However, the Court cited authority under governing Missouri law suggesting this Court lacks the power to review the fairness of an attorneys' fee award in a wrongful death case where there is a contingent fee agreement, like the one between the next friends and their attorneys in this case.[3]

Now before the Court is Plaintiff's Motion to Alter or Amend the Judgment (Doc. 226), citing new authority for the proposition that this Court can review the fairness of the next friends' attorney fee award. The motion is fully briefed and the Court is prepared to rule. For the reasons explained below, the motion is denied, and the next friends' attorneys are directed to file any stipulation as to a reduction in the amount of awardable fees, and submit to the Court a proposed amended judgment.

**I.     Standard**

Despite citing Fed. R. Civ. P. 60(b) as grounds for relief in its initial brief, Plaintiff concedes in the reply that its motion to alter or amend arises under Rule 59(e) because it was filed within 28 days of judgment, and because it argues that the Court overlooked an applicable case on the issue of attorneys' fees.[4] Under Fed. R. Civ. P. 59(e),[5] grounds warranting a motion to reconsider include: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[6] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's

---

[3]*Id.* at 13 n.27.

[4]*See Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) (discussing difference when a motion to reconsider is timely under both rules).

[5]Because Plaintiff's motion was filed within twenty-eight days of the judgment, the Court construes it under Rule 59(e) and not Rule 60.

[6] *Servants of Paracelete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

position, or the controlling law."[7] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[8] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[9] Whether to grant a motion to reconsider is left to the Court's discretion.[10]

## II. Discussion

Plaintiff argues that reconsideration of the Court's fee award to the next friends' attorneys is appropriate because the Court overlooked persuasive authority by a federal court construing the applicable Missouri wrongful death apportionment statute. That statute provides: "The Court shall order the claimant . . . . [t]o deduct and pay the expenses of recovery and collection of **the attorneys' fees as contracted** . . . . "[11] As the Court noted in its July 2 Order, there is strong and unambiguous language in the Missouri state court decisions construing this provision that a Court lacks discretion to review contracted attorneys' fees for reasonableness. As Judge Laughery of the United States District Court for the Western District of Missouri recently noted,

> Missouri courts read this language to foreclose any judicial discretion when awarding attorneys' fees: if plaintiff, and her husband, have signed a fee agreement, a court cannot modify this contract when approving the wrongful death settlement. . . . [A]

---

[7]*Id.*

[8]*Steele v. Young,* 11 F.3d 1518, 1520 n.1 (10th Cir.1993); *see also* Charles Alan Wright, et al., Federal Practice & Procedure: Civil 2d § 2810.1 ("The Rule 59(e) motion may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

[9]*BHC Dev., L.C. v. Baily Gaming, Inc.*, 985 F. Supp. 2d 1276, 1295–96 (D. Kan. 2013).

[10]*Coffeyville Res. Refining & Mktg., LLC v. Liberty Surplus Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

[11]Mo. Rev. Stat. § 537.095.4(2) (emphasis added).

3

court is tasked only to establish that such contract exists, and if one does, the court must order payment per its terms.[12]

Following this line of authority, this Court ordered that the next friends' attorneys' fees "as contracted" be deducted from their damages award. Because there was a contingent fee agreement between the parties, those attorneys received a sum that was patently disproportionate to the actual time spent obtaining a favorable outcome in this case given that they took no part in this four-year-old litigation until just before trial, and had no part in the trial itself other than observation.[13] The Court acknowledged these facts in a footnote, and characterized Missouri law as tying its hands.

In its motion to alter or amend, Plaintiff attempts to avoid the next friends' fee award by pointing this Court for the first time to a different federal judge's decision construing Mo. Rev. Stat. § 537.095.4(2). In *Clark v. General Motors*, Chief Judge Kays considered whether an attorneys' fee award was reasonable in a wrongful death settlement, under the same statute.[14] After acknowledging the mandatory language in the statute, he determined that any fee contract that is prohibited by law is void, and because the Missouri Rules of Professional Conduct have the force of law, if a fee contract violates those rules, the court need not approve them.[15] He proceeded to review the contracted attorneys' fees for reasonableness and reduced them accordingly.[16]

Plaintiff fails to demonstrate that the Court's failure to address this case mandates reconsideration under the Rule 59(e) standard. This Court was called upon to construe plain

---

[12]*Lewis v. Blue Springs Sch. Dist.*, No. 17-00538-NKL, 2018 WL 1126751, at * (W.D. Mo. Mar. 1, 2018).

[13]*See* Doc. 229-1.

[14]161 F. Supp. 3d 752, 758 (W.D. Mo. 2015).

[15]*Id.* at 758–59.

[16]*Id.* at 759–68.

language in the applicable Missouri statute. To the extent that language requires interpretation, and in the absence of clear authority from the Missouri Supreme Court, this Court must predict how the Missouri Supreme Court would address an attorneys' fee award under Mo. Rev. Stat. § 537.095.4 if faced with the same facts.[17] To do this, the Court is to look to "analogous decisions by the state supreme court, decisions of lower courts in the state, decisions of federal and other state courts, and the general weight and trend of authority."[18] In the absence of a case decided by the Missouri Supreme Court, this Court looked to decisions by the Missouri Court of Appeals, and to one unpublished federal district court decision from earlier this year that likewise relied on those Missouri Court of Appeals decisions, strictly construing the statute.[19] Those decisions instruct the Court to refrain from reviewing an attorney fee award for reasonableness. Plaintiff's reliance on *Clark* in its motion to alter or amend suggests only that there is a split of opinion among the judges in the Western District of Missouri about whether a reasonableness inquiry is permitted under this Missouri statute. This split of authority falls short of the showing required to alter or amend—a showing that the Court clearly misapprehended **controlling** law. Instead, it merely shows that reasonable jurists in a neighboring federal court can reach opposite conclusions on this state law issue. Because Plaintiff fails to make the showing required under Rule 59(e), the Court must deny the motion to alter or amend.

In response to the motion to alter or amend, the next friends' attorneys agree to reduce their fee award to $83,333.33, which they assert is more reasonable. The Court declines to

---

[17]*Oliveros v. Mitchell*, 449 F.3d 1091, 1093 (10th Cir. 2006).

[18]*First State Bank v. Daniel & Assocs., P.C.*, 519 F. Supp. 2d 1157, 1160–61 (D. Kan. 2007) (citing *MidAmerican Constr. Mgmt., Inc. v. MasTec N. Am., Inc.*, 436 F.3d 1257, 1262 (10th Cir. 2006)).

[19]*Keene v. Wilson Refuse, Inc.*, 788 S.W.2d 324, 327 (Mo. Ct. App. 1990); *Haynes v. Bohon*, 878 S.W.2d 902, 905 (Mo. Ct. App. 1994); *Lewis v. Blue Springs Sch. Dist.*, No. 17-cv-00538, 2018 WL 1126751, at *3 (W.D. Mo. Mar. 1, 2018).

address the reasonableness of this lower award for the reasons already explained—it has concluded that Missouri law forecloses such an inquiry. However, the parties may submit a stipulation that that the judgment may be reduced in line with this lower amount, and submit a corresponding proposed order that strictly follows the distribution requirements in § 537.095. The next friends' attorneys shall prepare any such stipulation and order.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend the Judgment (Doc. 226) is **denied**. The parties may stipulate to a reduced fee award and submit to the Court a proposed order reflecting such reduction and a revised distribution as set forth above.

**IT IS SO ORDERED.**

Dated: September 19, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE